IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-CV-360-MR-WCM

| | | |
|---|---|---|
| MARTIN J. WALSH, | ) | |
| Secretary of Labor, | ) | |
| United States Department of Labor, | ) | |
| | ) | MEMORANDUM AND |
| Plaintiff, | ) | RECOMMENDATION |
| v. | ) | |
| | ) | |
| LOVIN CONTRACTING COMPANY, | ) | |
| INC, and BRANDON LOVIN, | ) | |
| an individual, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Defendants' Motion for Judgment on the Pleadings (Doc. 20), which has been referred to the undersigned pursuant to 28 U.S.C. § 636 for the entry of a recommendation.

## I.    Background

### A. Relevant Procedural History

On December 17, 2021, Martin J. Walsh, Secretary of the United States Department of Labor (the "Secretary"), filed his original Complaint against Lovin Contracting Company, Inc. ("Lovin Contracting") and Brandon Lovin ("Lovin") (collectively "Defendants") alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"). Doc. 1.

1

In that Complaint, the Secretary sought an injunction pursuant to 29 U.S.C. §217 and an award of backpay and liquidated damages for certain employees pursuant to 29 U.S.C. §216(c). See Doc. 1 at VIII, IX(A), IX(B); 29 U.S.C. §§ 206(a), 207(a), 211(c), 216(c). Appendix A to the original Complaint listed the names of 76 employees (the "Original Employees") on behalf of whom the Secretary asserted his Section 216 claim.

On February 3, 2022, Defendants filed a Motion for Judgment on the Pleadings (the "First Motion for Judgment on the Pleadings"), arguing, in part, that the Secretary had failed to state a claim for violations of the FLSA. Docs. 5, 6.

On June 13, 2022, the presiding District Judge dismissed the Secretary's Complaint without prejudice and provided him with 30 days to file an amended complaint. Doc. 14.

On July 14, 2022, the Secretary filed an Amended Complaint. Doc. 15.

Defendants answered on August 29, 2022. Doc. 18.

On September 26, 2022, Defendants filed the instant Motion for Judgment on the Pleadings (the "Second Motion for Judgment on the Pleadings") and a supporting memorandum. Docs. 20, 21. The Secretary has responded, Defendants have replied, Docs. 23, 24, and a hearing on the Second Motion for Judgment on the Pleadings was conducted on March 3, 2023.

## B. The Secretary's Allegations

Lovin Contracting provides a variety of landscaping services, including highway maintenance. Lovin is the sole owner, president, and registered agent of Lovin Contracting and is responsible for the company's business decisions "including the acquisition and satisfaction of contracts, the establishment of rates of pay, the hiring and firing of employees, and direction of the workforce." Doc. 15 at ¶¶ III, V.

The Secretary contends that Lovin Contracting employs both "domestic" employees and workers "acquired pursuant to the 'H-2B guest worker program under the Immigration and Nationality Act'" and that there is no meaningful distinction between the duties performed, or the hours worked, by employees in these two groups. Id. at ¶ VI [sic].

The Secretary further alleges that the Wage and Hour Division of the United States Department of Labor ("Wage and Hour Division") investigated Defendants' payment practices during the "period of August 27, 2017 until August 24, 2019, with payroll records examined until the pay period ending August 24, 2019." Id. at VII (A). The investigation found that some of Defendants' employees were paid a "daily pay rate" ("Day Rate Employees").

Id. at VII (C).[1] Records for Day Rate Employees did not show specific hours worked; "instead, the employer simply entered an "X" to signify if a worker had performed duties that day, and a slash if they had not." Id. at VII (D). Day Rate Employees were paid by two checks – one check was reported in the payroll system, while the other paid the employee "a straight time rate clear of any lawfully required deduction" and was not included in the payroll system. Id.

A comparison of payroll records for employees paid hourly (the "Hourly Employees") and Day Rate Employees found that the hours listed as worked by Day Rate Employees were inaccurate, with whole numbers being used as opposed to "the more precise recorded hours for the rest of the workforce." Id. at VII (G). "Because Defendants' records of hours worked were inaccurate," the Wage and Hour Division averaged (1) the weekly hours reported by certain H-2B workers in 2018 and 2019, and (2) the hours worked based on the records of certain domestic workers for the period of September 2, 2017 through August 17, 2019.[2] These averages were averaged themselves, yielding a result of 68.30 hours worked per week. Using this number, the Wage and Hour Division

---

[1] The Amended Complaint alleges that the Wage and Hour Division determined that Day Rate Employees were not exempt from overtime or minimum wage requirements. Id.

[2] The Secretary alleges that the calculation relative to H-2B workers showed an average of 69.42 hours per week, and that the calculation relative to domestic workers showed an average of 67.19 per week. Doc. 15 at VII (H).

4

concluded that domestic workers were paid "straight time" (their regular hourly rate) for all hours worked, including those hours over 40, in a workweek.[3] The Secretary contends this arrangement resulted in a mixture of both minimum wage and overtime violations. Id. The Secretary additionally contends that the Wage and Hour Division's calculations showed that back wages were due to employees until the workweek ending on August 3, 2019. Id. at VII (I).

Finally, the Secretary alleges that the Wage and Hour Division previously investigated Defendants for similar violations occurring during the period from April 12, 2015 to April 8, 2017 and that the previous investigation resulted in an administrative settlement, with Defendants paying back wages for overtime work and for the failure to pay minimum wage. Id. at ¶ IX-A, IX-B.

Based on these allegations, the Secretary asserts a Section 217 claim seeking an order "permanently enjoining Defendants…from violating" the minimum wage, overtime, and recordkeeping provisions of the FLSA. See Doc. 15 at X; see also 29 U.S.C. §§ 206(a), 207(a), 211(c). Additionally, the Secretary asserts a Section 216 claim for an award of "back wages for a period of three

---

[3] Based on other allegations in the Complaint, it appears that when the Secretary is referring to "domestic employees," he is more particularly referring to "domestic employees" who were also Day Rate Employees. See Doc. 15 at VII (J).

5

(3) years prior to the commencement of this action and an additional equal amount as liquidated damages to employees (as named in Appendix "A" attached hereto and made a part hereof and such other employees as hereafter may be identified and named prior to or at trial)…." Id. Appendix A to the Amended Complaint lists 308 employees on behalf of whom the Secretary asserts his Section 216 claim. During the March 3, 2023 hearing, the Secretary represented that the 76 Original Employees were included in Appendix A to the Amended Complaint, meaning that the remaining 232 employees were listed for the first time in Appendix A of the Amended Complaint (the "New Employees").

## II.   Legal Standard

The legal standard applicable to a motion made pursuant to Rule 12(c) of the Federal Rules of Civil Procedure was described in the Memorandum and Recommendation pertaining to the First Motion for Judgment on the Pleadings and, for the sake of brevity, is not repeated here. Doc. 12.

## III.   Discussion

### A. Materials Considered

In his Response to the Second Motion for Judgment on the Pleadings, the Secretary states that:

> Defendants were provided with an extensive list of affected employees, affected work weeks in which back wages were calculated, and the total back wages

> deemed owed to each worker [attached to Plaintiff's
> Opposition to Defendant's Motion for Judgment on the
> Pleadings as Exhibit C], well before this matter was
> even docketed.

Doc. 23 at 3.

As noted, attached to the Amended Complaint is an Appendix A which lists the names of numerous employees. Doc. 15-1. However, there are no other exhibits to the Amended Complaint and there are no exhibits, including an Exhibit C, attached to the Secretary's Response to the Second Motion for Judgment on the Pleadings.

Therefore, only the parties' pleadings and their briefs concerning the Second Motion for Judgment on the Pleadings have been considered in connection with this Memorandum and Recommendation. See Jones v. Penn. Nat. Ins. Co., 835 F.Supp.2d 89, 94 (W.D.N.C. 2011) ("the purpose of limiting a motion for judgment on the pleadings to the contents of the pleadings, *per se*, is to prevent a court from basing decisions on factual allegations made in one party's documents that the other has not had an opportunity to address").

## B. Failure to State a Claim

The FLSA requires employers to pay qualified employees the minimum hourly wage in "any workweek," 29 U.S.C. §206(a), and overtime wages for hours in "a workweek longer than forty hours." 29 U.S.C. §207(a)(2). It also requires "[e]very employer ... [to] make, keep, and preserve such records of the

persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him." 29 U.S.C. §211.

"[T]o make out a plausible overtime claim, a plaintiff must provide sufficient factual allegations to support a reasonable inference that he or she worked more than forty hours in at least one workweek and that his or her employer failed to pay the requisite overtime premium for those overtime hours." Hall v. DIRECTV, LLC, 846 F.3d 757, 776-77 (4th Cir. 2017). Although "plaintiffs seeking to overcome a motion to dismiss must do more than merely allege that they regularly worked in excess of forty hours per week without receiving overtime pay," they are not required "to identify a *particular* week in which they worked uncompensated overtime hours." Id. at 777 (emphasis in original). In short, a plaintiff "must provide sufficient detail about the length and frequency" of the unpaid work and may meet this standard "by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, *or any other facts* that will permit the court to find plausibility." Id. (internal citations and quotations omitted) (emphasis in original).

In this case, Defendants argue that the Secretary has failed to state a claim since he has not identified specific workweeks in which the alleged violations occurred.

In response, the Secretary contends that the allegations in the Amended Complaint are sufficient.[4]

Here, the Secretary's allegations could be more descriptive. Regardless of whether he provided additional details, such as the specific workweeks that are at issue and the total back wages deemed owed to each worker, to Defendants before this litigation began, or after it commenced, that information does not appear in the Amended Complaint.

On the other hand, the Amended Complaint does describe the Wage and Hour Division's investigation of Defendants' payment practices from late August 2017 to late August 2019 in some detail. The Secretary has identified the period of the investigation, has described how Defendants' payroll records were kept, has explained how the Wage and Hour Division estimated the length of the involved workers' average workweek during the applicable period, and has provided the calculations by which the average rate of pay for the involved workers was calculated.

Therefore, the undersigned is persuaded that the Secretary's allegations are sufficient to state a claim at this stage of the litigation. Compare Hagee v. Capital Tacos, Inc., No. 3:17-cv-76, 2018 WL 2248607, at *3 (W.D. Va. May 16,

---

[4] During the March 3 hearing, the Secretary's counsel also intimated that the Secretary should be held to a more lenient pleading standard than individual claimants. However, no legal authority was provided for that position.

2018) (finding that complaint that included allegations that plaintiffs "were compensated at an hourly rate of $8.00 to $9.00 per hour, that they regularly and routinely worked between fifty and sixty hours per week after the orientation period, and that they did not receive overtime compensation for hours worked in excess of forty during any of those weeks" stated a claim for unpaid overtime) and Acosta v. Ararat Import & Export Co., LLC, No. 5:18-CV-444-FL, 2019 WL 6337423, at *3 (E.D.N.C. Nov. 26, 2019) (finding the allegations that workers were paid $25 per day and worked 12 hours per day sufficient to survive a motion to dismiss) with Walsh v. Lalaja, Inc., No. 4:20-cv-189-FL, 2021 WL 3432820, at *4 (E.D.N.C. Aug. 5, 2021) ("With respect to wage and recordkeeping violations, plaintiff has alleged no more than the elements of the asserted violations in a conclusory manner") and Acosta v. Ararat Import & Export Co., LLC, 378 F.Supp.3d 443, 447 (E.D.N.C. 2019) (finding allegations insufficient to survive motion to dismiss "where plaintiff has done no more 'than merely allege' that at some point during roughly the last four years employees of defendants did not receive the applicable minimum hourly rate and defendants did not properly maintain records").

## C. Statute of Limitations

During the March 3 hearing, Defendants agreed that for purposes of the instant motion, the Secretary has pled that Defendants' violations of the FLSA

were willful, such that a three-year statute of limitations period applies. See 29 U.S.C. § 255.

### 1. Section 217 Claim

With respect to the Secretary's Section 217 claim, Defendants assert that the Secretary commenced this claim on July 14, 2022 when he filed the Amended Complaint and that the Amended Complaint "does not 'relate back' to the original Complaint because Plaintiff is bringing new claims for new people." Doc. 21 at 9. Further, Defendants reason that because the Amended Complaint alleges that the Wage and Hour Division determined that back wages were due to employees until the workweek ending on August 3, 2019, the Secretary's Section 217 claim should be dismissed as untimely, except with respect to claims that accrued between July 14, 2019 (three years prior to the filing of the Amended Complaint) and August 3, 2019.

Section 217 provides:

> The district courts… shall have jurisdiction, for cause shown, to restrain violations of section 215 of this title, including in the case of violations of section 215(a)(2) of this title the restraint of any withholding of payment of minimum wages or overtime compensation found by the court to be due to employees under this chapter (except sums which employees are barred from recovering, at the time of the commencement of the action to restrain the violations, by virtue of the provisions of section 255 of this title).

29 U.S.C. § 217.

Generally, the Secretary is authorized to seek, pursuant to Section 217, an injunction directing an employer to pay wrongfully withheld minimum wages or overtime compensation to its employees, but only to the extent that such a claim would be timely if brought by the employee himself. See Wirtz v. Chase, 400 F.2d 665, 668 (6th Cir. 1968) ("By the 1961 amendment…§ 217 now permits the courts in such injunction proceedings to order payment of wages found to be due, but provides: 'except sums which employees are barred from recovering, at the time of the commencement of the action to restrain the violations, by virtue of the provisions of section 255 of this title'"); see also Walsh v. Kynd Hearts Home Healthcare, LLC, No. 2:20cv630, 2022 WL 17417168 at *6 (E.D. Va. Dec. 5, 2022) ("The motivation behind this backward-looking injunction is to compensate employees for their losses and 'to correct a continuing offense against the public interest'") (quoting Reich v. Monfort, Inc., 144 F.3d 1329, 1335 (10th Cir. 1998) (quoting Donovan v. Brown Equip. & Serv. Tools, Inc., 666 F.2d 148, 156–57 (5th Cir.1982)).

However, Section 217 also allows the Secretary to seek *prospective* injunctive relief. See Kynd Hearts Home Healthcare, 2022 WL 17417168 at *3, 6 (explaining that Section 217 "can be used to enjoin employers from violating the statute in the future (a 'prospective injunction') or from withholding employees' back wages or overtime compensation (a 'restitutionary

injunction')" and granting the Secretary's request for a prospective injunction while denying the request for a restitutionary injunction).

Here, Defendants' argument, and the Secretary's response, are premised on the Secretary's Section 217 claim being viewed solely as one seeking a restitutionary injunction.

The Amended Complaint, though, does not explicitly make a claim for a restitutionary injunction; rather, by its express terms, it asserts a claim for prospective relief. See Doc. 15 at XI(A) praying for a judgment "[p]ursuant to § 17 of the Act, 29 U.S.C. § 217, permanently enjoining Defendants, their agents, servants, employees and all persons in active concert or participation with them from violating the provisions of §§ 7, 11(c), 15(a)(2) and 15(a)(5) of the Act").[5]

Although the Secretary's counsel argued during the March 3 hearing that the Amended Complaint is intended to assert a claim for a restitutionary injunction, counsel did not provide authority to support the proposition that a claim requesting prospective injunctive relief should be construed as also requesting restitutionary relief.

With respect to the date on which the Secretary commenced his Section 217 claim, the Fourth Circuit has explained that "the usual definition of

---

[5] This phrasing also appeared in the original Complaint.

13

'commencement,' that is, the filing of a complaint…applies to an action brought by the Secretary under s 17." <u>Equal Employment Opportunity Commission v. Gilbarco, Inc.</u>, 615 F.2d 985, 989 (4th Cir. 1980). The filing of the complaint is the commencement date "regardless of whether the complaint names the aggrieved individuals." <u>Id</u>. at 990.

Therefore, to the extent Defendants are seeking to dismiss the Secretary's Section 217 claim for prospective injunctive relief as untimely, the undersigned will recommend that Defendants' Second Motion for Judgment on the Pleadings be denied.

### 2.      Section 216 Claim

Section 216(b) creates a private right of action for an employee whose employer has violated the minimum wage or maximum hour provisions of the FLSA. 29 U.S.C.§ 216. Section 216(c) authorizes the Secretary to bring an action to recover unpaid minimum wages or overtime compensation and an equal amount of liquidated damages; generally, the filing of such an action by the Secretary terminates the right of an employee to bring a similar action under Section 216(b). 29 U.S.C. § 216(c).

Section 216(c) states in part that "an action is commenced by the Secretary of Labor under this subsection for the purposes of the statutes of limitations . . . in the case of any individual claimant on the date when the

14

complaint is filed if [the claimant] is specifically named as a party plaintiff in the complaint." 29 U.S.C. § 216(c).

Here, Defendants argue that the Secretary has never commenced a Section 216 claim for damages because the individuals listed in Appendix A have not been named as "party plaintiffs;" that is, Defendants contend that the term "party plaintiff" means an individual person named as a plaintiff in the action.

During the March 3 hearing, counsel for the Secretary argued that Section 216(c) does not require the Secretary to name employees as co-plaintiffs.

The term "party plaintiff" is not specifically defined in Section 216(c). However, courts considering this issue have "required merely that the employee be identified in the complaint or a pleading equivalent to it." Equal Employment Opportunity Commission v. Hernando Bank, 724 F.2d 1188, 1193 (5th Cir. 1984) (finding EEOC's naming of three women in its prayer for relief was sufficient for purposes of plaintiff's Section 216(c) claim); see also Donovan v. University of Texas at El Paso, 643 F.2d 1201, 1204 (5th Cir. 1981) ("Section 16(c) authorizes the Secretary to recover back wages as well as liquidated damages on behalf of those employees specifically named in a complaint"); Equal Employment Opportunity Commission v. Hi-Line Electric Company, 805 F.Supp.2d 298, 306 (N.D. Tex. 2011) (finding that the listing of individuals

15

in the second amended complaint was sufficient to meet the "named as party plaintiff" requirement of Section 216(c)); Crisostomo, 689 F.2d at 875 (employees were named as party plaintiffs when they were listed in the final pretrial order).

The undersigned is therefore persuaded that the Secretary, by identifying the employees in Appendix A, has sufficiently named them for purposes of his Section 216 claim.

With respect to the Section 216 claim as it relates to the Original Employees, such claim "commenced" on December 17, 2021 when the original Complaint was filed. Using this commencement date, and in view of the three-year statute of limitations, the Secretary's claim for backpay and liquidated damages on behalf of the Original Employees encompasses claims that accrued after December 17, 2018. As such, the undersigned will recommend that Defendants' Second Motion for Judgment on the Pleadings be granted in part, and that the Secretary's backpay and liquidated damages claims on behalf of the Original Employees that accrued prior to December 17, 2018 be dismissed.

With respect to the Section 216 claim as it relates to the New Employees, the Secretary contends that this claim should relate back to the filing of the original Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. The undersigned, though, finds the following discussion persuasive:

16

> Section 16(c)'s unique "commencement" provision controls over Rule 15(c). See <u>Wirtz v. W. G. Lockhart Constr. Co.</u>, 230 F.Supp. 823, 828 (N.D. Ohio 1964) ("Section 16(c) itself is even more specific regarding the statute of limitations ... contrary to the general principle of the relation back provided for in Rule 15(c) of the Federal Rules of Civil Procedure."); <u>see also</u> <u>La Chapelle v. Owens-Illinois, Inc.</u>, 513 F.2d 286, 289 (5th Cir. 1975) (holding that the Federal Rules of Civil Procedure "cannot be invoked to circumvent" clear statutory requirements). The Secretary's argument that Defendants were on notice that more employees may also be owed back wages for the same alleged practice would logically apply in every case where more individuals are added as a case proceeds, so it does not help matters here. To allow relation back under Rule 15(c) to the Initial Complaint (where those individual employees were not then named) would simply consume Congress's unambiguous special commencement provision of Section 16(c) in every case. The Secretary cites to no case that applies Rule 15(c) relation back to added names for a Section 16(c) claim for liquidated damages, and the Court is unaware of such a case.
>
> <u>Acosta v. Holland Acquisitions, Inc.</u>, No. 2:15-cv-1094, 2018 WL 6242231, at * 8 (W.D. Pa. Nov. 29, 2018).

Following this reasoning, the Secretary's Section 216 Claim on behalf of the New Employees "commenced" on July 14, 2022 and does not relate back to the filing of the original Complaint. Using this commencement date, and in view of the three-year statute of limitations, the Secretary's claim for backpay and liquidated damages on behalf of the New Employees encompasses claims that accrued after July 14, 2019. As such, the undersigned will recommend that Defendants' Second Motion for Judgment on the Pleadings be granted in

part, and that the Secretary's backpay and liquidated damages claims on behalf of the New Employees that accrued prior to July 14, 2019 be dismissed. See Equal Employment Opportunity Commission v. Elrod, No. 84 C 10886, 1986 WL 10374, at *4 (N.D. Ill. Sept. 12, 1986) ("for Appendix 1 employees (those named in the original complaint), their Section 16 actions commenced on [the date the original complaint was filed]. Their Section 17 claims also commenced on that date. For Appendix 2 employees (those named in the amended complaint filed February 24, 1986), their Section 16 claims commenced on February 24, 1986 and their Section 17 claims commenced on [the date the original complaint was filed]") (citing Gilbarco).

## IV. Recommendation

For the reasons set forth herein, the undersigned respectfully **RECOMMENDS** that Defendants' Motion for Judgment on the Pleadings (Doc. 20) be **GRANTED IN PART and DENIED IN PART** as follows:

(1) The Defendants' Motion be **DENIED**, to the extent it seeks dismissal of the Secretary's Amended Complaint for failure to state a claim with sufficient detail.

(2) The Defendants' Motion be **DENIED**, to the extent it seeks dismissal of the Secretary's Section 217 claim as untimely.

18

(3) The Defendants' Motion be **GRANTED IN PART**, to the extent it seeks dismissal of the Secretary's Section 216 as untimely. Specifically:

    a. That the Secretary's Section 216 claim be dismissed to the extent the Secretary seeks recovery of backpay or liquidated damages on behalf of the Original Employees for claims that accrued prior to December 17, 2018.

    b. That the Secretary's Section 216 claim be dismissed to the extent the Secretary seeks recovery of backpay or liquidated damages on behalf of the New Employees for claims that accrued prior to July 14, 2019.

Signed: March 17, 2023

W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636, and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).