THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00360-MR-WCM

| | |
|---|---|
| JULIE A. SU,[1] Acting Secretary of Labor, United States Department of Labor, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) **MEMORANDUM OF**<br>) **DECISION AND ORDER**<br>) |
| LOVIN CONSTRUCTION COMPANY, INC., and BRANDON LOVIN, an individual, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER** is before the Court on the Defendants' Motion for Judgment on the Pleadings [Doc. 20]; the Magistrate Judge's Memorandum and Recommendation [Doc. 31] regarding the disposition of that motion; the Secretary's Objection to the Memorandum and Recommendation [Doc. 32]; and the Defendants' Partial Objection to the Memorandum and Recommendation [Doc. 33].

---

[1] Julie A. Su became the Acting Secretary of Labor on March 11, 2023, and is therefore substituted in this action as the named plaintiff. See Fed. R. Civ. P. 25(d).

**I.   PROCEDURAL BACKGROUND**

On December 17, 2021, the Secretary of the United States Department of Labor ("the Secretary"), filed a Complaint against Lovin Contracting Company, Inc. ("Lovin Contracting") and Brandon Lovin ("Lovin") (collectively, "Defendants"), alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). [Doc. 1]. In that Complaint, the Secretary sought injunctive relief pursuant to 29 U.S.C. § 217 and an award of backpay and liquidated damages pursuant to 29 U.S.C. § 216. [Id.]. Appendix A of the Complaint listed 76 employees on behalf of whom the Secretary asserted the § 216 claim ("the Original Employees"). On February 3, 2022, the Defendants filed an Answer to the Complaint and a Motion for Judgment on the Pleadings. [Doc. 5, Doc. 6]. On June 13, 2022, this Court dismissed the Secretary's Complaint without prejudice but allowed the Secretary to file an Amended Complaint within thirty days. [Doc. 14].

On July 14, 2022, the Secretary filed an Amended Complaint alleging the same violations as in the first. [Doc. 15]. The Secretary again sought an injunction pursuant to 29 U.S.C. § 217 and an award of backpay and liquidated damages pursuant to 29 U.S.C. § 216. [Id.]. Appendix A of the Amended Complaint listed 308 employees on behalf of whom the § 216 claim was asserted. [Id.]. While 76 of those listed were the Original Employees,

232 employees were listed for the first time in the Amended Complaint ("the New Employees"). [Id.]. The Defendants filed an Answer to the Amended Complaint on August 29, 2022. [Doc. 18].

On September 26, 2022, the Defendants filed the present Motion for Judgment on the Pleadings. [Doc. 20]. The Secretary filed a Response to that Motion on October 10, 2022 [Doc. 23], and the Defendants filed a Reply to the Secretary's Response on October 18, 2022 [Doc. 24].

Pursuant to 28 U.S.C. § 636(b) and the standing Orders of Designation of this Court, the Honorable W. Carleton Metcalf, United States Magistrate Judge, was designated to consider the Defendants' Motion for Judgment on the Pleadings and to submit a recommendation for its disposition. On March 17, 2023, the Magistrate Judge filed a Memorandum and Recommendation recommending that the Defendants' Motion be granted in part and denied in part. [Doc. 31]. Specifically, the Magistrate Judge recommended that the Motion be granted to the extent it sought dismissal of the § 216 claim as untimely, recommending that any claim for backpay or liquidated damages on behalf of the Original Employees that accrued prior to December 17, 2018, be dismissed and recommending that any claim for backpay or liquidated damages on behalf of the New Employees that accrued prior to July 14, 2019, be dismissed. [Id. at 19]. The Magistrate Judge recommended

that the Motion be denied to the extent it sought dismissal for failure to state a claim with sufficient detail and to the extent it sought dismissal of the § 217 claim as untimely. [Id. at 18]. The Magistrate Judge also construed the § 217 claim as one seeking only prospective relief. [Id. at 13].

The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. The Secretary timely filed an Objection on March 30, 2023. [Doc. 32]. The Defendants timely filed a Partial Objection on March 31, 2023. [Doc. 33]. The Defendants filed a Reply to the Secretary's Objection on April 13, 2023 [Doc. 34], and the Secretary filed a Reply to the Defendants' Partial Objection on April 14, 2023 [Doc. 35]. Thus, the matter has been fully briefed and is ripe for disposition.

## II. STANDARD OF REVIEW

The Federal Magistrate Act requires a district court to "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007).

4

Case 1:21-cv-00360-MR-WCM   Document 38   Filed 05/12/23   Page 4 of 12

The Court is not required to review, under a *de novo* or any other standard, the factual findings or legal conclusions of the magistrate judge to which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, the Court need not conduct a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

### III.  DISCUSSION

The Secretary raises one objection to the Memorandum and Recommendation. She argues that the Magistrate Judge erred in construing her request for relief under § 217 as a request for prospective relief only because the Amended Complaint seeks both prospective and restitutionary relief. [Doc. 31 at 2]. The Defendants also raise one objection to the Memorandum and Recommendation. They argue that it was error for the Magistrate Judge to conclude that the filing of the Original Complaint tolled the statute of limitations for the Original Employees as to the § 216 claim. [Doc. 32 at 3]. They argue that the Amended Complaint does not relate back to the Original Complaint under Rule 15 of the Federal Rules of Civil Procedure, and, therefore, the statute of limitations for the § 216 claim was not tolled for any employee until the Amended Complaint was filed. [Id.].

5

### A. Section 217 Claim for Relief

In the Amended Complaint, the Secretary requests that, pursuant to 29 U.S.C. § 217, the Court "permanently enjoin[] Defendants, their agents, servants, employees and all persons in active concert or participation with them from violating the provisions of §§ 7, 11(c), 15(a)(2) and 15(a)(5) of the Act." The Secretary also requests "such other and further relief as may be necessary and appropriate."[2] [Doc. 15 at XI]. The Secretary argues that her request for relief under § 217 encompassed both prospective and restitutionary injunctive relief. [Doc. 32 at 6].

"Section 217 provides an avenue for the Secretary to seek injunctive relief, including a restraint on the withholding of previously unpaid minimum or overtime wages" (a "restitutionary injunction"). Martin v. Deiriggi, 985 F.2d 129, 134 (4th Cir. 1992). Section 217 can also be "used to enjoin employers from violating the statute in the future" (a "prospective injunction"). Walsh v. Kynd Hearts Home Healthcare, LLC, _ F. Supp. 3d _, 2022 WL 17417168 (E.D. Va. 2022). Here, the Amended Complaint plainly requests prospective relief by requesting that the Defendants be enjoined "from violating" the FLSA's provisions.

---

[2] Identical language appeared in the Original Complaint. [Doc. 1 at IX].

6

As observed by the Magistrate Judge, the Amended Complaint "does not explicitly make a claim for a restitutionary injunction." [Doc. 31 at 13]. However, the Federal Rules of Civil Procedure provide that a judgment should "grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c). At least one district court has awarded restitutionary injunctive relief pursuant to § 217 when such relief was not specifically requested in the complaint, see Perez v. Gulf Coast Mgmt. Co., No. 14-00426-N, 2015 WL 895098, at *8 (S.D. Ala. Mar. 3, 2015). And while courts do decline to award relief not explicitly requested in the complaint when it would prejudice the defendant, see Albermarle Paper Co. v. Moody, 422 U.S. 405, 424 (1975), here both parties apparently understood the Amended Complaint as seeking a restitutionary injunction because both parties addressed the statute of limitations issues relating to such relief. [See Doc. 21 at 10; Doc. 23 at 5]. Accordingly, a lack of notice that the Secretary sought restitutionary injunctive relief is not at issue here.[3]

The Defendant argues that restitutionary injunctive relief is unnecessary because the Secretary also seeks back wages under § 216.

---

[3] The Court notes that the Plaintiff's reliance on the boilerplate in the prayer for relief seeking "such other and further relief as may be necessary and appropriate" is very poor practice. Standing alone, it would be insufficient.

However, because of the unique commencement provisions in § 216, the statute of limitations for the two claims differs such that the relief sought under § 217 for the New Employees is not entirely duplicative of the relief sought for those same employees under § 216. Unlike the § 216 claims for the New Employees, which were not commenced until July 14, 2022, a section § 217 action "is commenced for all purposes when the complaint is filed, regardless of whether the individuals are named in it."[4] EEOC v. Gilbarco, Inc., 615 F.2d 985, 987 (4th Cir. 1980). Accordingly, while any claim for back wages for the New Employees that accrued prior to July 14, 2019, is time barred, the § 217 claim, if successful, would allow an award of back wages for any claim that accrued on or after December 17, 2018. An analogous situation arose in EEOC v. Elrod, No. 84 C 10886, 1986 WL 10374 (N.D. Ill. Sept. 12, 1986). In that case, an original complaint was filed on December 21, 1984, and an amended complaint was filed on February 24, 1986. Elrod, 1986 WL 10374, at *3-4. In Elrod, some employees were named for the first time in the amended complaint. Id. Accordingly, the court concluded that the § 216 claim for those added employees did not commence until February 24, 1986, but their § 217 claim commenced on

---

[4] This standard applies because, as discussed in more detail below, the Court concludes the Amended Complaint in this case relates back to the Original Complaint.

December 21, 1984. Id. The employees were therefore eligible to recover back wages under § 217 for claims that were time barred under § 216. Id. at *13. Because the same would be true here, a restitutionary injunction under § 217 does not serve an identical purpose to a claim for back wages under § 216.

The Court therefore concludes that, because the Secretary requested injunctive relief and included a broad request for necessary and appropriate relief, and because both parties apparently understood the Amended Complaint as seeking restitutionary injunctive relief, the § 217 claim will be construed as one seeking both prospective and restitutionary injunctive relief. Accordingly, the Secretary's objection is sustained.

### B. Section 216 Claim Statute of Limitations

The Defendants object to the Magistrate Judge's recommendation that the Original Employees are not time barred from pursuing § 216 claims accruing between December 17, 2018 and July 14, 2019. [Doc. 33 at 2]. Specifically, the Defendants argue that because the Amended Complaint does not relate back to the Original Complaint, any such claims are time barred because they accrued more than three years prior to the filing of the Amended Complaint. [Id.].

Rule 15 of the Federal Rules of Civil Procedure provides that an amendment to a pleading relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). While lacking some specificity, the Plaintiff in the Original Complaint at least attempted to set out claims for violations of the FLSA's overtime and minimum wage provisions on behalf of the Original Employees. The Amended Complaint describes the same conduct, transaction or occurrence as set forth in the Original Complaint, just with more detail. Accordingly, the Court concludes that the Amended Complaint relates back to the Original Complaint pursuant to Rule 15 and the Defendants' objection is thus overruled.

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation of the Magistrate Judge [Doc. 31] is **ACCEPTED IN PART** and **REJECTED IN PART**. Specifically, the Secretary's Objection to the Memorandum and Recommendation [Doc. 32] is **SUSTAINED** and the Defendants' Partial Objection to the Memorandum and Recommendation [Doc. 33] is **OVERRULED**.

**IT IS FURTHER ORDERED** that the Defendants' Motion for Judgment on the Pleadings [Doc. 20] is **GRANTED IN PART** and **DENIED IN PART** as follows:

(1) The Defendants' Motion is **DENIED** to the extent it seeks dismissal of the Secretary's Amended Complaint for failure to state a claim with sufficient detail.

(2) The Defendants' Motion is **DENIED** to the extent it seeks dismissal of the Secretary's Section 217 claim for prospective injunctive relief as untimely.

(3) The Defendants' Motion is **GRANTED IN PART** to the extent it seeks dismissal of the Secretary's Section 217 claim for restitutionary injunctive relief as untimely. Specifically, the Secretary's Section 217 claim is dismissed to the extent the Secretary seeks recovery of backpay for claims on behalf of both the Original and New Employees that accrued prior to December 17, 2018.

(4) The Defendants' Motion is **GRANTED IN PART** to the extent it seeks dismissal of the Secretary's Section 216 claim as untimely. Specifically:

a. The Secretary's Section 216 claim is **DISMISSED** to the extent the Secretary seeks recovery of backpay or liquidated damages on behalf of the Original Employees for claims that accrued prior to December 17, 2018.

b. The Secretary's Section 216 claim is **DISMISSED** to the extent the Secretary seeks recovery of backpay or liquidated damages on behalf of the New Employees for claims that accrued prior to July 14, 2019.

**IT IS SO ORDERED.**

Signed: May 11, 2023

Martin Reidinger
Chief United States District Judge