UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00360-MR-WCM

| | |
|---|---|
| JULIE A. SU, Acting Secretary of Labor, United States Department of Labor, ) ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) ) | **CONSENT JUDGMENT AND ORDER** |
| LOVIN CONTRACTING COMPANY, INC., and BRANDON LOVIN, an individual, ) ) ) ) ) | |
| Defendants. ) _____ ) | |

**THIS MATTER** is before the Court on the parties' Joint Motion for Entry of Consent Judgment and for the Closing of the Case. [Doc. 43].

This Consent Judgment and Order resolves the civil action filed in this Court by Julie A. Su, Acting Secretary of Labor, U.S. Department of Labor (hereinafter "the Secretary") to enforce the provisions of Sections 7 and 11 of the Fair Labor Standards Act of 1938, as amended (hereinafter "the FLSA" or "the Act"), 29 U.S.C. §§ 207 and 211, against Defendants Lovin Contracting Company, Inc. and Brandon Lovin (hereinafter "Defendants"). This Judgment represents a complete settlement and release with prejudice of all the Secretary's claims asserted in this action against both Defendants. This Judgment is not binding upon any government

agency other than the U.S. Department of Labor and only resolves claims arising out of this action as between the Secretary and Defendants.

The Secretary and Defendants expressly waive Findings of Fact and Conclusions of Law, except as otherwise set forth and addressed herein, and consent to the entry of this Order as a full and complete resolution of all claims and issues which were, or might have been, alleged in this action against Defendants without trial or adjudication of any issue of fact or law raised in the Complaint.

**IT IS, THEREFORE, ORDERED** that the parties' Joint Motion [Doc. 43] is **GRANTED**, and the Court hereby enters the following Consent Judgment and Order.

**IT IS, THEREFORE, ORDERED, ADJUDGED and DECREED** that , in its operation of debris removal, land clearing, herbicide, snow removal, and other landscaping services, Defendants Lovin Contracting Company, Inc. and Brandon Lovin, their agents, servants, employees and all persons in active concert or participation with them who receive actual notice hereof, are permanently enjoined from violating the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., hereinafter referred to as the Act, in any of the following manners:

1. Except to the extent permitted by 29 U.S.C. § 213, or other applicable law, they shall not, contrary to §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and

215(a)(2), employ any employee in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for more than 40 hours in a workweek unless such employee is compensated for such hours in excess of 40 at an overtime rate of at least one and one-half times the regular rate at which such employee is employed; and

2. They shall not, contrary to §§ 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), fail to make, keep and preserve adequate and accurate employment records as prescribed by Regulation found at 29 C.F.R. § 516.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that a **JUDGMENT** is entered against Defendants for back wages due employees for the periods of employment and in the amounts indicated with respect to each, as set forth on Schedule "A" attached hereto in the amount of $1,600,000.00.[1] The private rights, under the Act, of any employee of Defendants not named or for periods not

---

[1] Of the full judgment amount, $563,339.10 satisfies Defendants' alleged liability under the FLSA in this action, as set forth in Schedule A. The total judgment amount of $1,600,000.00 satisfies the alleged back wages owed for the instant FLSA matter, as well as the alleged back wages owed to H2-B visa workers, as alleged in the Secretary's H-2B litigation against Defendant Lovin Contracting Company, Inc. (OALJ Docket No. 2021-TNE-00029) and related non-party Lovin Equipment and Sales, Inc. (OALJ Docket No. 2022-TNE-00005). Defendants consent to entry of this full judgment amount in this litigation, to be enforceable by this Court, as part of a mediated settlement of all three related actions.

stated in said Schedule "A" shall not be terminated or otherwise adversely affected by this proceeding.

1. Defendants shall provide Plaintiff with a schedule showing their employer I.D. numbers and, to the extent Defendants currently have this information, the last-known address and social security number as to each employee listed on Schedule "A" within thirty days after the execution of this Consent Judgment.

2. Defendants shall deliver to Plaintiff via cashier's or certified check, or money order payable to "Wage and Hour Division—Labor" a payment of $1,000,000.00 (the "Initial Payment") within sixty (60) days of the parties' signing of this Consent Judgment and Order.

3. Thereafter, Defendants shall make a payment to Plaintiff of $600,000.00 on or before June 1, 2024.

4. In total, Defendants' payments to Plaintiff shall equal $1,600,000.00. Plaintiff shall distribute these payments to employees for the periods of employment and in the amounts indicated with respect to each, as set forth on Schedule "A" attached hereto.

5. All payments required under this payment plan shall be sent via first class mail to **"U.S. Department of Labor, Wage & Hour Division,** *Attn: Richard Blaylock***, Raleigh District Office, 4407 Bland Road, Suite 260, Raleigh, North

**Carolina**," and shall be postmarked on or before the applicable due date. Failure to make timely and complete installment payments as required herein shall result in the revocation of this payment plan, and the total Judgment of $1,600,000.00, less any amounts paid thereon, shall become due and payable immediately, with no further notice or demand required. Any defaulted balance shall be subject to the assessment of interest and penalty interest at rates determined by the U.S. Treasury as required by the Debt Collection Improvement Act of 1996, P.L. 104-134, 110 Stat. 1321, 1358, and other delinquent charges and administrative costs shall also be assessed. In the event of default, the Secretary of Labor intends to pursue enforcement of this Judgment and/or any additional collection action that may include, but is not limited to, administrative offset, referral of the account to credit reporting agencies, private collection agencies, and/or the Department of Justice.

6. Plaintiff shall distribute the proceeds of such checks, <u>less</u> deductions for federal income taxes and employee contributions to F.I.C.A., as required by law, to the named employees, or to their personal representatives, and any amounts not so distributed by the Plaintiff within the period of three (3) years after date of this Judgment, because of inability to locate the proper persons or because of such persons' refusals to accept such sums, shall be deposited into the Treasury of the United States as miscellaneous receipts.

**IT IS FURTHER ORDERED** that, for a period of three (3) years, Defendants shall hire and retain a consultant ("Consultant") to perform quarterly audits of Defendant Lovin Contracting Company, Inc. and its related entity Lovin Equipment and Sales, Inc.'s payroll and timekeeping practices. In these audits, the Consultant shall review records and conduct employee interviews as necessary to identify Lovin Contacting Company, Inc. and Lovin Equipment and Sales, Inc.'s compliance or non-compliance with the requirements of the FLSA and the H-2B visa program. The first inspection shall occur within three months after the parties' execution of this Consent Judgment and Order. The Consultant shall report the results of the quarterly inspections in writing to the U.S. Department of Labor, Wage & Hour Division by sending an electronic message to [blaylock.richard@dol.gov](mailto:blaylock.richard@dol.gov) within thirty (30) days of completion of each quarterly audit.

**IT IS FURTHER ORDERED** that each party shall bear his or her own attorney's fees and expenses incurred by such party in connection with any stage of this case, including but not limited to, attorney's fees which may be available under the Equal Access to Justice Act, as amended.

The Clerk of Court is respectfully directed to close this civil case.

Signed: September 8, 2023

**IT IS SO ORDERED**.

Martin Reidinger
Chief United States District Judge